UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
TAMARA LEVY,

                Plaintiff,

    - against -

EXODUS MOVEMENT INC.,

                Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-2975 (PKC) (LKE)

PAMELA K. CHEN, United States District Judge:

Plaintiff Tamara Levy ("Plaintiff") brings this *pro se* action, along with an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Compl., Dkt. 1; IFP Mot., Dkt. 2.) For the reasons discussed below, Plaintiff's IFP application is denied. In order to proceed with this action, Plaintiff is granted until June 24, 2025, to pay the $405 filing fee.

## DISCUSSION

The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812 (KAM), 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (first citing *Gregory v. NYC Health & Hosps. Corp.*, No. 07-CV-1531 (BMC), 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007); and then citing *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004)). A plaintiff seeking to proceed IFP must submit an affidavit stating "that [they are] unable to pay" filing fees "or give security therefor." 28 U.S.C. § 1915(a)(1). A court is authorized to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue," 28 U.S.C. § 1915(e)(2)(A), and courts in this district often that dismissal provision when a litigant's statement of assets fails to establish the level of poverty required under the IFP statute. *See, e.g.*, *Miller v. Smith*, No. 21-CV-2949 (JS) (AKT), 2021 WL 2894973, at *2 (E.D.N.Y. June

2, 2021); *Humphrey v. U.S. Army Corps of Eng'rs*, No. 21-CV-1901 (RPK) (LB), 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Grimes v. Sil*, No. 19-CV-1066 (AMD), 2019 WL 981639, at *1 (E.D.N.Y. Feb. 27, 2019). "[A] court properly exercises its discretion" to deny an IFP application when it does not appear that an applicant's financial condition has blocked their access to court, but instead appears that the applicant is "merely in the position of having to weigh the financial constraints posed" by pursuing their "position against the merits of [their] case." *Brooks v. Aiden 0821 Capital LLC*, No. 19-CV-6823 (GRB) (AYS), 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)).

Here, Plaintiff states that she is employed and earns $3,000 a month in gross pay or wages, and also receives income from (1) business, professional, or other self-employment, (2) rent payments, interest[,] or dividends, and (3) pension, annuity, or life insurance payments. (IFP Mot., Dkt. 2, ¶¶ 2–3.) Notably, she asserts that she has $100,000 either in cash or in a checking or savings account and has no monthly expenses or dependents. (*Id.* ¶¶ 4, 6–8.) Based on this information, the Court is not satisfied that Plaintiff is unable to pay the filing fee to bring this action.

## CONCLUSION

Accordingly, Plaintiff's IFP application is denied. In order to proceed with this action, Plaintiff is granted until June 24, 2025, to pay the $405 filing fee. All further proceedings shall be stayed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken

2

in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:   June 10, 2025
         Brooklyn, New York